IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



CARMEN GLUTH, §
 §
 Plaintiff, §
 §
VS. § NO. 4:11-CV-251-A
 §
BAC HOME LOANS SERVICING, LP, §
 §
 Defendant. §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On April 1, 2011, the above-captioned action was initiated by Carmen Gluth against defendant, BAC Home Loans Servicing, LP, in the District Court of Tarrant County, Texas, 67th Judicial District. By notice of removal filed April 14, 2011, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of

citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000 as contemplated by § 1332(a).

In the state court petition, plaintiff alleged that in July 2006 she executed a note in favor of Countrywide Home Loans, Inc. ("Countrywide"), for the purchase of certain property, such note secured by a deed of trust executed in favor of MERS as nominee for Countrywide. Plaintiff alleged that, on information and belief, the deed of trust has never been lawfully transferred or assigned, with the consequence that plaintiff does not know who is the true owner and holder of the note or to whom she should make payments. Thus, according to plaintiff, no claimed successor in interest to the original holder has any right of foreclosure.

Plaintiff sought a declaration that: defendant is not the lawful owner or mortgagee of the property, the note has not been transferred from the original lender, the note has been discharged and the security interest in the property lost, and thus, no party has a right to foreclose on the property.

Plaintiff also brought claims and causes of action for trespass to try title, fraud, and statutory violations. In addition to the declaratory judgment, plaintiff sought an order prohibiting the foreclosure, as well as injunctive relief.

Defendant alleged the following as to the amount in controversy in the notice of removal:

> The amount in controversy exceeds $75,000 because the value of plaintiffs' [sic] property exceeds $75,000. Plaintiff seeks injunctive relief to maintain title to, and possession of the property, by preventing BAC from conducting a foreclosure sale. Plaintiff also seeks judgment that she is the legal owner of the property. In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. Because plaintiff sues to protect or reclaim her possession of and title to real property, the property's value controls the amount in controversy.

Notice of Removal at 3 (footnotes, quotation marks, and internal citations omitted). Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on June 3, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its amended notice of removal on June 13, 2011, together with an appendix in support thereof. In the amended notice of removal, defendant argued that because plaintiff seeks to enjoin the foreclosure sale and to preclude any party from ever asserting rights under the note and deed of trust, she has called into question the enforceability of those documents, causing the amount in controversy to equal the value of the property. As the current appraised value of the property is $169,500, defendant maintained that the amount in controversy thus exceeds the required jurisdictional minimum.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal

4

raises significant federalism concerns, which mandate strict construction of the removal statute."[1] <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

> [A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

$75,000.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff.  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation."  Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).  It is also "the value of the right to be protected or the extent of the injury to be prevented."  Id.

### III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.  Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain

6

possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the arguments of defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff admits she signed a deed of trust to secure a promissory note on the subject property. Nowhere in the petition does plaintiff contend she made all of the payments required under the note for the purchase of the property. Plaintiff has thus tacitly admitted that any claims she may have to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property despite her attempts to adjudicate that issue.

In the amended notice of removal defendant cited this court's opinion in Ballew v. America's Servicing Co., No. 4:11-

CV-030-A, at 11 (N.D. Tex. Mar. 14, 2011) for the proposition that "the property's market value could be used to establish the amount in controversy in cases where the validity of the note or deed of trust was questioned."  Am. Notice of Removal at 3. Defendant contends that because plaintiff claims to be the "lawful owner" of the property, and because she seeks to prevent any party from foreclosing on the property, the conclusion is that she is challenging the enforceability of the documents themselves.  Thus, the value of the property is the amount in controversy.

Contrary to defendant's assertions, plaintiff here does not appear to challenge the validity of the note or deed of trust, only the validity of their alleged transfer to other parties and the validity of defendant's claim as holder.  The court is convinced that in this case, as in others before it, there is no legitimate dispute over ownership to the property, only plaintiff's attempt to extend the time she can stay on the property at no cost to her.  Although plaintiff contends defendant is not the holder of the original note and disputes

defendant's right to foreclose, nothing in the petition could lead to the conclusion that plaintiff is the holder of the original note, or that plaintiff would be entitled to enjoin foreclosure and eviction by whoever is the holder.

Although defendant has provided the court with documents purporting to show that the market value of the property exceeds $75,000, defendant has failed to persuade the court that such constitutes the amount in controversy. No other information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED June 27, 2011.

_____
JOHN McBRYDE
United States District Judge